[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (RE: Motion to Strike (#161.01)
The defendant Vakilzadeh's motion to strike appeared on the short calendar for arguable motions on April 1, 2002. Counsel for the plaintiffs was not present, and the court file reflects no memorandum of law filed in opposition to the motion.
Vakilzadeh's motion states, that it seeks to strike the same language stricken from other portions of the complaint on a motion to strike filed by another defendant. Unfortunately, from the standpoint of judicial economy, that is not precisely the case.
In this case, the plaintiffs, a mother and daughter, allege that the defendants, either deliberately, or by way of negligence, assisted in the abduction of the daughter Saba Fabriz by her father (who is not a defendant). Initially, the plaintiffs claimed that the mother suffered the injury of "loss of filial consortium" and that the daughter suffered a "loss of parental consortium." Complaint ¶ 11a and 11b. In 1999 defendant Varone successfully moved to strike those claims. The court granted the motion on the grounds that Connecticut law does not recognize a cause of action for either filial or parental consortium. Mirjavadi v.Vakilzadeh, Superior Court, judicial district of Stamford/Norwalk, CV 98 0166632 (July 9, 1999, D'Andrea, J.)
Defendant Varone subsequently moved to strike claims in an amended CT Page 4553 complaint that the mother had suffered the following injury: "loss of life's ordinary activities including the inability to raise, comfort, and care for her minor daughter" and that the daughter had suffered "loss of life's ordinary activities including the ability to interact with her mother." Judge Trial Referee Lewis granted the motion on November 13, 2000 on the basis that Connecticut law did not recognize a cause of action based on loss of parental or filial consortium.
In the Revised Complaint, dated April 27, 2001, which is now the operative pleading, the allegations as to the mother's and daughter's injuries state they are "loss or diminution of life's ordinary activities and enjoyment of life."
The language and claim sought to be struck by Vakilzadeh is not precisely the same language stricken from earlier complaints. The allegations relating to the mother's loss, however, can only be seen as a derivative claim of loss of consortium since she was not directly involved in the, or present at, the abduction of her daughter. Therefore, Paragraph 11a of counts one through six is stricken.
As to the allegations of the daughter's injury, it does not expressly allege loss of consortium. Instead, it appears to allege that the daughter Sabra Fabriz suffered harm as a result of her abduction. This is a straightforward claim of personal injury. The motion to strike Paragraph 11b of counts one through six of the Revised Complaint is denied.
____________________ ADAMS, J.